IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ANTHONY WAGGONER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-467-SU |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OREGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SULLIVAN, Magistrate Judge:**

    Plaintiff Anthony Waggoner brings this action against defendants the State of Oregon; Max Williams, director, Oregon Department of Corrections (ODOC); Steve M. Shelton, M.D., medical director, ODOC; and other state prison officials.  Plaintiff alleges that while he was in ODOC custody, he did not receive adequate medical treatment for hepatitis C.

    Defendants move to dismiss for failure to exhaust administrative remedies.  I recommend granting the motion without

1 - FINDINGS AND RECOMMENDATION

prejudice.

## BACKGROUND

The following facts are from the concise statement of facts and supporting documents and affidavits submitted by defendants. Plaintiff has not responded to defendants' motion.

Plaintiff was housed at the Snake River Correctional Institution (SRCI) from August 2001 to June 2002. He did not file any grievances about his medical treatment, although he filed seven grievances on other subjects.

Plaintiff was housed at the Eastern Oregon Correctional Institution (EOCI) from May 2003 to March 2006. He did not file any grievances regarding the treatment of hepatitis C. His only grievance concerned a detainer from the State of Florida.

In his complaint, plaintiff alleges that from 2005 until early 2006, he received "more vigorous attention and treatment" than previously. Compl. ¶ 27. He alleges that as of February 2006, the disease was in remission although his liver is permanently damaged.

Plaintiff was housed at the Oregon State Correctional Institution (OSCI) from March to July 2006. Plaintiff filed this action on April 5, 2006. He is represented by counsel.

On July 18, 2006, the day before plaintiff was paroled, plaintiff filed four grievances. One of the grievances concerned medical treatment of plaintiff's hepatitis C. Plaintiff stated,

2 - FINDINGS AND RECOMMENDATION

"I've requested repeatedly for about 4 yrs since 2002 to see liver specialist due to life threatening condition due to Hep C & liver disease.  I've been denied continuously without explanation from TLC [Committees] both at EOCI [and] OSCI.  Interferon treatment of 48 weeks failed & the Hep C virus continues to do damage to my already severely damaged liver."  Taylor Affid., Attach. 7, at 2.  Plaintiff asked to see a liver specialist, although stating that because he was to be released the next day, "now it's [too] late."  Id.

One section of the grievance form is reserved for a list of "any action(s) you have already taken to informally resolve the grievance.  (What have you done or tried to do to solve the problem?  Who have you talked to -- date/time/place?)  Attach copies of any documents, which show what you have done."  In this section of the form, plaintiff stated, "I've written kite after kite after kite requesting liver specialist.  I've also requested from various doctors within ODOC."  Id.

Plaintiff asked that the outcome of his grievance be forwarded to his parole officer and to his attorney.  Plaintiff stated, "If I can be of assistance contact Tim Dunn [who is plaintiff's attorney] at [Dunn's office telephone number].  He will handle communications."  Plaintiff also gave Dunn's office address.

Colleen Taylor, a grievance coordinator at OSCI, did not

3 - FINDINGS AND RECOMMENDATION

process this grievance because she determined plaintiff had not attempted to resolve the matter informally, as required by regulation. See Or. Admin. R. 291-109-0140(1)(a). Taylor states that she left one voice message with plaintiff's parole officer, but the parole officer never responded. Taylor states that the grievance is still in her office. Taylor also states that plaintiff "has failed to use the grievance process as explained to him and consistently attempted to circumvent the required informal procedures (face-to-face or written inmate communications) to address his concerns regarding his health care while in the custody of ODOC related to his Hepatitis C." Taylor Affid. ¶ 16.

## STANDARDS

Failure to exhaust administrative remedies is an affirmative defense that the defendant must raise and prove. See Jones v. Bock, 127 S. Ct. 910, 921 (2007). The defendant should raise the exhaustion issue through an unenumerated Rule 12(b) motion, rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 988) (per curiam)). In resolving a motion to dismiss for failure to exhaust, the court may look beyond the pleadings and resolve disputed issues of fact. Id. at 1120. If the court concludes that the plaintiff failed to exhaust administrative

remedies, the court should dismiss the unexhausted claim without prejudice.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) requires that prisoners complete the prison's administrative process before bringing a civil action challenging prison conditions. See 42 U.S.C. § 1997e(a). Prisoners are required to exhaust administrative remedies regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 739 n.5). Defendants must show that "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process." Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005).

Here, although the record indicates that plaintiff is no longer a prisoner, this action is subject to the PLRA's exhaustion requirements because plaintiff filed it while he was a

prisoner.[1] More importantly, when plaintiff filed this action in April 2006, he had not even started the grievance process. Plaintiff did not file his grievance regarding failure to treat hepatitis C until July 2006. Under these circumstances, this action must be dismissed without prejudice for failure to exhaust administrative remedies. Section 1997e(a) of the PLRA "requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (citing decisions from the 1st, 2d, 3d, 7th, 10th, 11th, and D.C. Circuits).

## CONCLUSION

Defendants' motion to dismiss (#11) should be granted without prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due April 25, 2007. If no objections are filed, review of the Findings and Recommendation will be under advisement on that date. If objections are filed, a response to the objections is

---

[1] The PLRA's requirements would not apply to actions brought by a former prisoner challenging alleged constitutional violations that occurred while prisoner was incarcerated. See Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000).

6 - FINDINGS AND RECOMMENDATION

due fourteen days after the date objections are filed.

DATED this 11th day of April, 2007.


                          <u>  /s/ Patricia Sullivan  </u>
                              PATRICIA SULLIVAN
                          U.S. MAGISTRATE JUDGE